THE ROXEN.

THE RENSSELAER.

REDERI A/B TRANSATLANTIC v. VAN WOERT et al.

Nos. 13946, 14093.

District Court, E. D. New York.
May 10, 1934.

Haight, Smith, Griffin & Deming, of New York City (Arnold W. Knauth, of New York City, of counsel), for Rederi A/B Transatlantic and the Roxen.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City, for William Van Woert.

Bigham, Englar, Jones & Houston, of New York City (James W. Ryan, of New York City, of counsel), for underwriters.

BYERS, District Judge.

Motion for a stay as to certain claims and for a separate statement of certain claims.

On the early morning of September 27, 1933, the steamship Roxen was in collision with the steamship Rensselaer in the Hudson River near Poughkeepsie, and the owner of the former thereupon acquired a right to proceed in admiralty to recover for the damages alleged to have been occasioned thereby.

Ordinarily a libel would have been filed against the Rensselaer and, if she had been claimed, a suitable stipulation for value would have effected her release, and the cause could have proceeded to adjudication, but that has not been possible by reason of the legal status of the Rensselaer, and a complex procedural situation has ensued.

Without reciting the various elements of that situation, it is thought that these motions can be so disposed of as to preserve the equities of the parties as follows:

■■ The claims of the Captain of the Rensselaer and the underwriters, and of the Receiver, and the McAllister Night Line, if any, in the limitation proceeding, should be stated separately. To this extent the motion is granted.

The said claims should not be paid until the collision claim of the Roxen has been adjudicated and fixed; when that has been done, if the Roxen is found to be entitled to a recovery, her damages should be offset

against the Rensselaer claims against the Roxen.

For example, if the limitation results in a 20% payment to claimants, the Rensselaer interests will be awarded from $14,000.00 to $20,000.00, which will more than take care of the Roxen's asserted damages of $10,000.00.

There seems to be no reason, therefore, to grant the motion for a stay as to the claims made on behalf of the Rensselaer, or by her underwriters, as subrogees. That such a stay could be granted upon the theory advanced by the owner of the Roxen, either as petitioner in limitation, or as so-called cross-libelant in cause No. A-14093, is so doubtful that refusal could well be based upon that reason. It is preferred, however, to dispose of such application upon the theory that the moving party has not shown cause for granting it.

Motion for separate statement of certain claims granted; motion for stay of certain claimants in No. A-13946 denied.

Settle order on three days' notice.